UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO CLUB INSURANCE
ASSOCIATION,

    Plaintiff,                                              Case No. 10-12310

v.                                                     Hon. John Corbett O'Meara

DTE ENERGY COMPANY COMPREHENSIVE
GROUP HEALTH CARE PLAN,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant's motion to dismiss or for summary judgment, filed June 18, 2010. Plaintiff filed a response on July 9, 2010; Defendant submitted a reply brief on July 19, 2010. The court did not hear oral argument. For the reasons explained below, Defendant's motion is granted.

## BACKGROUND FACTS

Plaintiff Auto Club Insurance Association ("ACIA") filed this action in Michigan's 36th District Court against the DTE Energy Company Comprehensive Health Care Plan ("the Plan"). Defendant removed the case to this court on June 11, 2010, based upon federal question jurisdiction predicated on ERISA.

Plaintiff, an automobile insurance company, alleges that it paid $22,492.11 in no-fault benefits to Sheila Burda Nabozny after she was injured in a car accident. Plaintiff contends that Ms. Nabozny's health insurer, the Plan, has primary liability for these medical expenses. Plaintiff seeks reimbursement from the Plan. Although Plaintiff's complaint does not reference

ERISA, Defendant contends that ERISA preempts Plaintiff's state claims, because the Plan is an ERISA plan. The Plan meets the statutory definition of an employee "welfare plan" and Plaintiff does not dispute that its state claims are, therefore, preempted by ERISA. See 29 U.S.C. § 1002(1) (definition of "welfare plan" under ERISA).

Defendant seeks dismissal or summary judgment on the following grounds: (1) Ms. Nabozny was not a Plan participant on July 1, 2006, which is the date of her auto accident; (2) ACIA failed to exhaust the administrative remedies provided by the Plan; and (3) ACIA's claim is barred by the Plan's contractual limitations period.

## LAW AND ANALYSIS

**I.** **Standard of Review**

Because the parties have attached materials outside of the complaint to their papers, such as Plan documents, the no-fault policy, and a list of Ms. Nabozny's medical expenses, the court will construe Defendant's motion as one for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

**II.     Plan Participation**

Ms. Nabozny's auto accident occurred on July 1, 2006. On that date, she was not a participant in the Plan. She became a Plan participant on February 1, 2007. However, she did incur accident-related medical expenses for dates of service *after* February 1, 2007. There is no dispute that the Plan would cover these expenses – amounting to $17,979.48 – if the other Plan requirements are met. Therefore, dismissal is not appropriate on this basis.

**III.    Contractual Limitations Period**

The Plan contains a contractual limitations period that bars most claims against the Plan after two years. See Def.'s Ex. C at 42. (Prescription drug claims are barred after one year.) The Plan contends that this limitations period serves to bar Plaintiff's claim, which was brought after the two-year period expired.[1] This court must determine whether the contractual limitations period in the Plan applies to ACIA, which necessitates some background on the applicable ERISA framework.

Although Plaintiff's state law claim is pre-empted by ERISA, "ERISA contains no provision specifically according [Plaintiff] a right to bring a cause of action" seeking reimbursement from an ERISA plan for allegedly out-of-priority payments. Auto Owners Ins. Co. v. Thorn Apple Valley, Inc., 31 F.3d 371, 374 (6th Cir. 1994). "Nonetheless, cases from this circuit have premised jurisdiction on federal common law when the ERISA preemption provision has effectively deprived a plaintiff of a state law claim." Id. In other words, "a priority dispute arising between an ERISA plan and a no-fault policy is resolved pursuant to

---

[1] Plaintiff seeks reimbursement for medical expenses incurred throughout 2007, the last of which was incurred on November 19, 2007. This suit was filed on May 4, 2010, more then two years later.

federal common law." Citizens Ins. Co. v. MidMichigan Health ConnectCare Network Plan, 449 F.3d 688, 690 (6th Cir. 2006). "The rules of contract interpretation that have evolved under the federal common law in ERISA priority disputes mirror those applied in the Michigan courts." Id. at 692; Regents of University of Michigan v. Employees of Agency Rent-A-Car, 122 F.3d 336, 339 (6th Cir. 1997).

Plaintiff's claim is in the nature of a subrogation claim. Under Michigan law, a no-fault insurer that pays out of priority is entitled to "invoke the doctrine of subrogation" to recover against the primary insurer.[2] Auto Club Ins. Assoc. v. New York Life Ins. Co., 440 Mich. 126, 132-33 (1992). Plaintiff is essentially the subrogee for Ms. Nabozny in this case, seeking to recover the benefits due her under the Plan. See id. As the Michigan Supreme Court has explained:

> The right of subrogation is purely derivative as the insurer succeeds only to the rights of the insured, and no new cause of action is created. In other words, the concept of subrogation merely gives the insurer the right to prosecute the cause of action which the insured possessed against anyone legally responsible for the latter's harm. . . .

Id. at 135-36 (citation omitted). Plaintiff "is equitably subrogated to the position of the insured and acquires no lesser or greater rights than those held by the insured." Id. at 136-37.

Accordingly, Plaintiff essentially stands in Ms. Nabozny's shoes with respect to its claim against the Plan. The Plan contends that Ms. Nabozny would be subject to the Plan's contractual limitations period of two years and, therefore, so is Plaintiff. Plaintiff asserts that the statute of limitations for its subrogation claim is six years under Michigan law. See New York Life, 440

---

[2] Although we are proceeding under federal common law, Michigan law nonetheless provides guidance. See Citizens, 449 F.3d at 692; Agency Rent-A-Car, 122 F.3d at 339.

Mich. at 137-38.  Indeed, because ERISA does not contain a statute of limitations for this type of claim, federal courts generally borrow the most analogous state statute of limitations.  See Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees, 547 F.3d 531, 534 (6th Cir. 2008).  However, this general proposition does not resolve the question of whether a *contractual* limitations period in the plan should be enforced to override the applicable statute of limitations.  In New York Life, for example, the Michigan Supreme Court determined that the statute of limitations for a subrogation action by a no-fault insurer against a health plan is six years.  The court did not, however, address the issue of a contractual limitations period.

      The Michigan Court of Appeals found a contractual limitations period to be binding in an action by a no-fault insurer against a health plan, holding that "the insurer's subrogation action is barred by the [contractual] statute of limitations if the insured's action would be so barred, unless circumstances would make that result inequitable." Citizens Ins. Co. of America v. American Community Mutual Ins. Co., 197 Mich. App. 707, 710 (1992).  The court reasoned: "Regardless of whether a right of subrogation arises by operation of law or by contract, the controlling general principles are the same: the subrogee, upon paying an obligation owed to the subrogor as the primary responsibility of a third party, is substituted in the place of the subrogor, thereby attaining the same and no greater rights to recover against the third party." Id. at 709.

      Judge Murphy recently came to the same result in a case similar to this one.  See Auto Club Ins. Ass'n v. Health Alliance Plan, 2009 WL 236064 (E. D. Mich. Jan. 29, 2009).  The court noted that there is a lack of authority precisely on the question of whether a contractual "limitations period applies in an ERISA action where the plaintiff is not a party to the policy, but is in a position similar to that of an equitable subrogee under state law." Id. at *5.  The court

concluded, however, as follows:

> If the limitations period is to be determined by analogy to Michigan contract law, then it must be determined with reference to the rules of Michigan law that are most analogous to *this* claim, brought with respect to *this* contract. That is to say, "the most analogous state-law statute of limitations" that this Court will borrow for an ERISA suit, is in this case not the one that would govern a generic contract action, but the one that would govern an action by an equitable subrogee on a contract that includes a two-year limitations period for suits for breach. In this context, the Court can discern no sound reason why federal law should "borrow" Michigan's general statute of limitations with regard to contracts, but *not* borrow the complementary rules of Michigan law that bind equitable subrogees to any contractual modifications made to this statutory period.

Id. at *5-6 (citations omitted).

In light of this authority, the court concludes that the Plan's contractual limitations period serves to bar Plaintiff's claim. With respect to its "purely derivative" subrogation claim, Plaintiff stands in the shoes of Ms. Nabozny and is subject to the contractual limitations period just as she would be. See generally New York Life, 440 Mich. at 135-36; Citizens, 197 Mich. App. at 710. Plaintiff provides no authority to the contrary or any reason why this would be an inequitable result. See Citizens, 197 Mich. App. at 710.

## IV.    Administrative Remedies

Defendant also argues that Plaintiff's failure to follow the administrative remedies provided for in the Plan bars its claim. In light of its conclusion that Plaintiff's claim is barred by the contractual limitations period, the court need not reach this question.

**ORDER**

IT IS HEREBY ORDERED that Defendant's June 18, 2010 motion for summary judgment is GRANTED.

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date: September 8, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 8, 2010, using the ECF system and/or ordinary mail.

                                                        s/William Barkholz
                                                      Case Manager